## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID WAYNE MILES,                :    No. 3:24-CV-2252
                    Petitioner    :
                                  :    (Judge Munley)
    v.                            :
                                  :
M. ARVIZA,                        :
                    Respondent    :

<u>MEMORANDUM</u>

Petitioner David Wayne Miles, who is currently confined at the Federal Correctional Institution, Allenwood Medium (FCI Allenwood Medium), in White Deer, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He alleges that the Federal Bureau of Prisons (BOP) has failed to properly apply time credits he has earned under the First Step Act of 2018 (FSA), Pub. L. 115-391, 132 Stat. 5194 (2018), toward time in prerelease custody, in violation of the plain language of the Act.  After careful consideration, the court concludes that Miles' prerelease custody claim is not cognizable on habeas review, so his Section 2241 petition must be dismissed for lack of jurisdiction.

## I.    BACKGROUND

The relevant facts in this case are undisputed.  Miles is currently serving an aggregate 149-month sentence imposed by the United States District Court for

the Middle District of Pennsylvania for bank robbery and supervised release violations. (Doc. 9-2 ¶ 3). His projected statutory release date, applying only good conduct time, is December 27, 2027. (Id.)

The BOP, however, has recommended 365 conditional placement days under the Second Chance Act of 2007 (SCA), Pub. L. No. 110-199, 122 Stat. 657 (2008), meaning that Miles is eligible for placement in prerelease custody pursuant to the SCA one year before his statutory release date, subject to an individualized review under the five factors provided in 18 U.S.C. § 3621(b). (See Doc. 9-5 at 3; Doc. 13 at 2). Miles has undergone this individualized prerelease custody review. (See Doc. 9-6 at 2-3).

Additionally, as of February 21, 2025, Miles has earned 365 FSA time credits toward early release and an additional 385 FSA time credits toward time in prerelease custody either at a Residential Reentry Center (RRC) or on home confinement. (See Doc. 13 at 2; Doc. 13-4 at 2); 18 U.S.C. § 3624(g)(2). The BOP has applied 365 FSA credits to early release, resulting in an additional year off Miles' statutory release date and creating a projected FSA release date of December 27, 2026. (See Doc. 9 at 13; Doc. 9-5 at 3; Doc. 9-6 at 3; Doc. 13 at 3). Applying 365 SCA days provides a conditional placement date into prerelease custody of December 27, 2025. (See Doc. 9-5 at 3; Doc. 9-6 at 3).

The primary dispute in the instant petition involves application toward time in prerelease custody of Miles' remaining 385 FSA credits, hereinafter referred to as "excess" credits. Miles maintains that he is statutorily eligible for application of these excess credits and that the plain language of the FSA requires the BOP to apply all excess credits toward time in prerelease custody. According to Miles, and as confirmed by the BOP, application of these credits (in addition to his 365 SCA days) would result in his immediate transfer to an RRC or home confinement. As it currently stands, however, Miles is not scheduled for prerelease placement until June 26, 2025. (*See* Doc. 13 at 4).

Respondent opposes Miles' petition. (See generally Doc. 9). Respondent contends that placement in prerelease custody is purely within the BOP's discretion and that Miles has no right or entitlement to transfer to an RRC or home confinement regardless of the number of FSA time credits he has earned.

Miles timely filed a traverse on March 4, 2025. (Doc. 10). The court then directed Respondent to submit supplemental briefing that would provide, *inter alia*, the most up-to-date calculations for Miles' sentencing credits and his current planned date for transfer to prerelease custody. (See Doc. 11). Respondent timely submitted that supplemental briefing, (Doc. 13), and thus Miles' Section 2241 petition is ripe for disposition.

3

## II.    DISCUSSION

Miles' argument is straightforward.  He maintains that (1) he is statutorily eligible—under the prerequisites set forth in 18 U.S.C. § 3624(g)—for application of the FSA time credits that he has earned by successfully participating in FSA programming; (2) 18 U.S.C. § 3632(d)(4)(C) requires the BOP to apply his excess credits to time in prerelease custody; and (3) the agency's failure to do so violates the First Step Act.

Respondent first asserts that Miles' petition should be dismissed because he failed to exhaust administrative remedies.  Respondent next contends that Miles' petition is not cognizable on habeas review.  Finally, Respondent posits that the petition fails on the merits because Miles has no right or entitlement to a particular amount of time in prerelease custody and the BOP has exclusive discretion regarding designation of place of confinement.

Because Miles' petition involves an issue of purely statutory construction, administrative exhaustion is excused.  See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (per curiam) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  As to Respondent's additional arguments, the court finds that it cannot proceed beyond the second.  That is, Miles' Section 2241 challenge, which implicates the execution of his sentence, is not cognizable on habeas review.  Thus, the court cannot reach the merits of Miles' FSA prerelease

custody claim and instead must dismiss his habeas petition for lack of jurisdiction.

The core of habeas corpus primarily involves a challenge to the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 487-88, 500 (1973). In Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—a prisoner may also challenge the "execution" of their sentence via a petition under 28 U.S.C. § 2241. See id. at 241-44. In Woodall, the petitioner asserted a challenge to BOP regulations that affected whether he served a portion of his sentence in a federal penal institution or in a "Community Corrections Center" (CCC).[1] See id. at 237.

The Third Circuit agreed with the Second, Sixth, Ninth, and Tenth Circuits and held that habeas jurisdiction lies for prisoners challenging the "manner of their imprisonment," including the place of confinement, when the differences in custody reflect more than a "simple" or "garden variety" prison transfer. See Woodall, 432 F.3d at 242-43. The panel highlighted the significant disparities between carrying out a sentence in a CCC and carrying out a sentence in an

---

[1] The term "Community Corrections Center" is the precursor to what is now referred to by the BOP as a "Residential Reentry Center," sometimes colloquially called a halfway house. See Brown v. Warden Fairton FCI, 617 F. App'x 117, 118 n.1 (3d Cir. 2015) (per curiam) (nonprecedential) ("In 2006, the BOP began referring to 'Community Corrections Centers' as 'Residential Reentry Centers' ('RRCs')[.]").

ordinary penal institution and concluded that the petitioner's claim was a "proper challenge to the 'execution' of his sentence," and thus "habeas jurisdiction lies." Id. at 243-44.

Following Woodall, confusion arose as to what exactly "execution of the sentence" meant for a habeas petitioner. Even the Woodall panel conceded that the precise meaning of this phrase is "hazy." Id. at 242.

In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), the court of appeals endeavored to clarify execution-of-sentence habeas challenges in the Third Circuit. The Cardona panel first performed an in-depth review of Woodall and McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010), precedential decisions that had considered execution-of-sentence habeas claims and had determined that the claims presented were cognizable under Section 2241. See Cardona, 681 F.3d at 536-37.

From these decisions, the Cardona panel distilled that the linchpin for habeas jurisdiction for an execution-of-sentence claim was whether the petitioner was challenging the "carrying out" or "put[ting] into effect" of their sentencing order. See id. The reason the petitioners in Woodall and McGee could seek review of the execution of their sentences under Section 2241, the court of appeals explained, was because their petitions "both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment."

Id. at 536.  The Cardona panel thus held that "[i]n order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 537.  In that case, the petitioner had not made such an allegation, so the panel found that he was not properly challenging the "execution" of his sentence and therefore the district court had no jurisdiction to consider his Section 2241 petition.  See id. at 537, 538.

The same is true for Miles' petition.  Miles has not alleged, let alone established, that the BOP's conduct is somehow inconsistent with an express command or recommendation in his sentencing judgment.  Indeed, there is nothing in Miles' sentencing judgments discussing or even alluding to prerelease custody.  See United States v. Miles, No. 1:08-cr-00049, Doc. 48 (M.D. Pa. Mar. 24, 2009); United States v. Miles, No. 1:17-cr-00241, Doc. 41 (M.D. Pa. Feb. 22, 2018).  Accordingly, his petition does not properly challenge the "execution" of his sentence as defined by Cardona v. Bledsoe, so this court has no jurisdiction to consider his habeas claim.  See Cardona, 681 F.3d at 537, 538.

The court is aware that case law within this circuit undoubtedly creates confusion as to jurisdiction for Section 2241 execution-of-sentence claims challenging prerelease custody placement.  Most notably, in Vasquez v. Strada,

684 F.3d 431 (3d Cir. 2012) (per curiam)—a precedential decision issued just 18 days before Cardona v. Bledsoe—the Third Circuit plainly stated that a prisoner "may resort to federal habeas corpus to challenge a decision to limit his RRC placement." Vasquez, 684 F.3d at 433 (citing Woodall, 432 F.3d at 243-44). In Vasquez, the petitioner was not asserting that a BOP action was inconsistent with a command or recommendation in his sentencing judgment; rather, he claimed that the BOP had failed to comply with the federal prisoner reentry initiative with respect to RRC placement and that the BOP had improperly amended 18 U.S.C. § 3621(b) by adding a sixth factor. See id. Nevertheless, the court of appeals did not find that the Section 2241 petition must be dismissed for lack of jurisdiction based on the substance of the petitioner's habeas claim. Instead, the panel perfunctorily found the petitioner's prerelease custody claim to be cognizable. See id. (citing Woodall, 432 F.3d at 243-44).[2]

Additionally, multiple nonprecedential Third Circuit decisions have stated that challenges to the execution of a sentence involving placement in prerelease

---

[2] Vasquez v. Strada was initially issued on June 1, 2012, as a nonprecedential decision. See Vasquez, No. 12-1114, Doc. 003110916790 (3d Cir. June 1, 2012). Four days later, the government (appellee) moved to designate the decision as precedential under Third Circuit I.O.P. 5.2. See id., Doc. 003110919478 (3d Cir. June 5, 2012). That motion was granted on June 20, 2012, when the opinion was designated as a precedential opinion by the circuit. See id., Doc. 003110933704 (3d Cir. June 20, 2012). It does not appear that the government ever raised a jurisdictional challenge (other than failure to exhaust administrative remedies) to Vasquez's petition with the district court or the court of appeals. See generally Vasquez v. Strada, No. 3:11-cv-01710, Doc. 8 (M.D. Pa. Oct. 17, 2011).

custody are cognizable under Section 2241. See Brown v. Warden Fairton FCI, 617 F. App'x 117, 118 (3d Cir. 2015) (per curiam) (nonprecedential) ("Brown's challenge to the BOP's failure to transfer him to an RRC lies under § 2241[.]" (citing Woodall, 432 F.3d at 243-44)); Wilson v. Strada, 474 F. App'x 46, 48 (3d Cir. 2012) (per curiam) (nonprecedential) ("Wilson may resort to federal habeas corpus to challenge a decision to limit his RRC placement[.]"(citing Woodall, 432 F.3d at 243-44)); Guess v. Werlinger, 421 F. App'x 215, 217 (3d Cir. 2011) (per curiam) (nonprecedential) (finding that habeas jurisdiction lies for challenge to BOP policy involving prerelease custody placement, concluding that petitioner's challenge "implicates the execution of his sentence" (citing Woodall, 432 F.3d at 243)).  None of these cases involved an allegation that the BOP's conduct was inconsistent with a sentencing command or recommendation, even Brown v. Warden Fairton FCI, which opinion issued three years *after* Cardona v. Bledsoe was decided. See Brown, 617 F. App'x at 118 (claiming failure to transfer to prerelease custody pursuant to 18 U.S.C. § 3621(b)); Wilson, 474 F. App'x at 47 (raising challenge to BOP's application of Second Chance Act with respect to length of petitioner's RRC placement); Guess, 421 F. App'x at 217 (challenging validity of BOP policy regarding timing of prerelease custody review).  Yet the court of appeals did not find jurisdiction lacking for these petitions based on the substance of the petitioners' claims.

9

There are, on the other hand, numerous nonprecedential Third Circuit

decisions that rely on Cardona v. Bledsoe to find a lack of jurisdiction for certain

Section 2241 execution-of-sentence claims, although the court has been unable

to locate such a decision that specifically concerns transfer to prerelease

custody.  See, e.g., Morgan v. Warden of USP-Allenwood, No. 24-1508, 2025

WL 325753, at *1 (3d Cir. Jan. 29, 2025) (nonprecedential); Reynolds v. Warden

Schuylkill FCI, No. 24-1942, 2024 WL 4164271, at *2 (3d Cir. Sept. 12, 2024)

(nonprecedential); Moslem v. Warden, F.C.I. Fort Dix, No. 23-2819, 2024 WL

658976, at *1-2 (3d Cir. Feb. 16, 2024) (nonprecedential); Johnson v. Warden

Lewisburg USP, 694 F. App'x 59, 59-60 (3d Cir. 2017) (nonprecedential);

Johnson v. Warden Lewisburg USP, 668 F. App'x 415, 416-17 (3d Cir. 2016)

(nonprecedential); Rinaldi v. Warden Allenwood FCI, 598 F. App'x 809, 809-10

(3d Cir. 2015) (nonprecedential); Gillette v. Territory of Virgin Islands, 563 F.

App'x 191, 194-95 (3d Cir. 2014) (nonprecedential); Share v. Krueger, 553 F.

App'x 207, 209 (3d Cir. 2014) (nonprecedential); Cardona v. Thompson, 551 F.

App'x 630, 632 (3d Cir. 2013) (nonprecedential); Shelton v. Thomas, 537 F.

App'x 63, 63-64 (3d Cir. 2013) (nonprecedential); Shelton v. Samuels, 523 F.

App'x 177, 177 (3d Cir. 2013) (nonprecedential).  In one case, the petitioner was

challenging his confinement on home detention, but the court of appeals

explained that a period of home detention was expressly ordered in his judgment

10

of sentence and therefore he was actually challenging the "*validity* of [his] judgment, not its execution." See Kaetz v. United States, No. 22-1286, 2022 WL 1486775, at *1-2 (3d Cir. May 11, 2022) (nonprecedential).

In light of the seemingly contradictory nature of the foregoing precedential and nonprecedential decisions, it is understandable why a *pro se* petitioner like Miles would attempt to seek relief through Section 2241 for his prerelease custody claim. After all, neither Cardona v. Bledsoe nor its nonprecedential progeny confronted the type of issue presented here: the right to be transferred from a medium security federal correctional institution to prerelease custody based on mandatory language contained in a federal statute.

Nevertheless, this court is bound by Cardona's jurisdictional requirements for Section 2241 petitions. Cardona is the latest precedential decision to fully consider and delineate the jurisdictional boundaries of execution-of-sentence claims raised in Section 2241 petitions in this circuit. Under Cardona's rigid boundaries, Miles' habeas petition is simply not cognizable. The court offers no opinion regarding the availability of other potential avenues of review for Miles' First Step Act claim involving prerelease custody, only that it cannot be pursued through a petition under 28 U.S.C. § 2241.

## III.    CONCLUSION

Under Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), execution-of-sentence habeas claims in the Third Circuit are tightly circumscribed. Miles' Section 2241 petition, which challenges the BOP's failure to timely transfer him to prerelease custody based on the First Step Act—but *does not* allege that the BOP's conduct is somehow inconsistent with a command or recommendation in his sentencing judgment—fails to meet the stringent jurisdictional requirements set forth in Cardona.

Accordingly, Miles' Section 2241 petition must be dismissed for lack of jurisdiction. An appropriate Order follows.

**Date:** 4/1/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court